Herman Shoel, Appellee, v. S. S. Kresge Company, Appellant.

Gen. No. 8,331.

Opinion filed June 11, 1929.

BRACKEN, LIVINGSTON & MURPHY, for appellant.

L. EARL BACH and WILLIAM R. BACH, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an action in case. The declaration consists of two counts, the first of which avers that on October 16, 1926, appellant was operating a store in Bloomington, Illinois; that on said date appellee was engaged as an independent contractor in said city, in the business of hauling and teaming, and that in said capacity he had, prior to October 16, 1926, contracted with defendant to remove from the basement of said store building, for a consideration, all boxes, wood, shipping cartons, excelsior, paper and all other refuse as the same accrued; that on October 16, 1926, said relation between himself and appellant existed; that there was a certain rear entrance to said store building, which was the only one to the building except the main entrance thereto, which latter was provided for the customers of appellant only; that said rear entrance was the only one provided by appellant for the purpose of receiving merchandise and disposing of boxes, wood, shipping cartons, etc., that said rear entrance was constructed on the level of the alley or roadway which abutted the rear of defendant's said store building, so as to admit of any and all packages consigned thereto from the ground level, without obstruction; that said entrance was provided with a steel apron (or plate) of the width of twenty-four inches, which extended completely across said entrance, and tilted towards the basement floor at a great angle, which apron (or plate) was connected with the inner rear wall of the building; that

said entrance was also provided with a stairway, which extended from the basement floor to the inside of the rear wall of the building and abutted the end of the said apron (or plate) on the side of said entrance; that in order to use the stairway it was necessary for appellee to step upon said apron (or plate) with one foot to enable him to place the other foot on the top of the stairway; that said entrance was necessarily used by appellee in going to and returning from the basement of appellant's said building; that it then and there became the duty of appellant to use reasonable care to keep and maintain said rear entrance in a reasonably safe condition for appellee's use.

It is further averred in said first count "that defendant, not regarding its said duty in that behalf, negligently and carelessly suffered and permitted said apron in said rear entrance to be and become covered with grease and oil in large quantities, causing a dangerous condition to exist, of which plaintiff was wholly unaware."

It is further averred in said first count that on October 16, 1926, appellee, while engaged in his said contractual duties with appellant in and about removing all boxes, wood, shipping cartons, etc., from the basement of said building, and while passing through said rear entrance from said alley to said stairway, and while in the exercise of ordinary care for his own safety, "placed his left hand onto the side of said rear entrance, grasping same firmly and endeavoring to support himself, and with due care and caution for his own safety, then placed his right foot on said apron (or plate), wholly unaware of any oil or grease upon said apron (or plate), and in so doing his right foot was then and there caused to slip, pulling his grasp loose from the side of said rear entrance, and thereby throwing plaintiff to and upon the basement floor on the inside of said entrance," with great force and vio-

lence, and he was thereby greatly bruised, hurt and wounded, etc., and so remained for a long space of time, to wit, hitherto, during which he suffered great pain, and was hindered and prevented from attending to his affairs and business, and was forced to expend $250 in endeavoring to be cured, etc.

The second count is substantially the same in all respects as the first.

Appellee testified that he lives on a small farm just west of the City of Bloomington, where he does a gardening and dairying business, and also raises hogs, and farms some; that he also does a trucking business. For a number of years he has been getting slops from the Peoples Restaurant, which is in a building just across the alley at the rear of appellant's five and ten cent store, which is located on North Main street in said city; that in the year 1924 he first began, under a contract with appellant's manager in that regard, to remove boxes, cartons and other rubbish from the basement of appellant's store, and that he continued to do so for about one year; that during all of said period he daily passed in and out of the rear entrance to appellant's store building; that he again began work for appellant at the same job in April, 1926, and continued until October 16 of that year, when he received the injuries for which damages are sought in this case.

All conditions, in so far as the rear door and chute and steps were concerned were the same and unchanged, throughout both periods for which appellee worked under his respective contracts with appellant. Under the terms of his contract he received two dollars a week, and all the salvage of the various kinds of materials removed by him from said basement. Appellee did his work in his own way; that is, no one connected with appellant gave him any orders or directions as to the manner or the method which he should adopt or pursue in removing said materials. Under his con-

tract it was necessary only for him, in so far as appellant was concerned, to keep the store basement clear of all such materials. Appellee hauled with his auto truck, on the average, four to six loads a week. Prior to the time of his injury he had used the rear entrance in question at least four hundred times.

The location of the rear entrance and the stairway and the three skids, constituting the so-called chute in the basement and the rear opening, apron (or plate) are fully shown by photographs in evidence. There was a verdict for appellee and judgment in the sum of $1,500 and appellant has brought the record to this court, by appeal, for review.

The only negligence charged in the declaration is, that appellant, ''not regarding its said duty in that behalf, negligently and carelessly suffered and permitted the said apron in said rear entrance to be and become covered with grease and oil in large quantities, causing a dangerous condition to exist, of which plaintiff was unaware,'' etc., by reason of which appellee was injured; nevertheless, the court permitted, over the objection of appellant, the witness Carr to testify to injuries he had received from falls down this chute, both before and after the accident to appellee when the apron (or plate) in the opening was dry and rusty. This was error. There were various rulings upon the admission and rejection of testimony, over the objection of appellant, which we deem in some cases were error and which prejudiced appellant's cause.

We have examined the record in this cause and are fully persuaded that the verdict is not supported by the proofs. On cross-examination appellee was asked what he did after the accident. The witness, after reciting various acts, ended with the following: ''So I sat there and I slipped my hand along my pants and there was a little grease on the bottom of my shoe.'' Motion was made to strike out this voluntary state-

ment, but it was denied. This was error. Appellee testified that he handled swill and slop and "stuff like that" and further testified: "I stopped the truck and got out like usual and started towards the doorway. And I knew that they greased it on the north side where the skid is, but never greased it on the south side where I step. I stepped on there. Looked down first and stepped on the plate, with one hand on the south brick wall—the only thing there is for to steady one on the step or on the plate until you get down to the steps; and my right foot slipped from under me and I shot down into the basement." This was all of appellee's testimony on the direct as to negligence, although appellee, over the objection of appellant, was permitted to testify to all of the surroundings and conditions to gain entrance into the building from the rear to accentuate the idea that the whole construction of the building was at fault and negligence. On cross-examination appellee further testified that he looked at the apron or plate before he stepped on it and that "some one at times would put oil on the steel plate; the plate is on top of the skid as part of the chute part; they didn't put grease or oil on the chute proper," and again in answer to the question:

"*Q.* The grease or oil you saw was on the plate alone?

"*A.* On this steel plate. I saw the man oiling it."

That there might be no mistake about this matter the question was put to appellee two or three times and he insisted the oil and grease was on the steel plate; that he had gone through there several hundred times and knew all about it. However, on redirect examination, appellee, over the objection of appellant, was permitted to testify that never before the day of the accident had any oil been put where appellee stepped and that the part that had been oiled was the north side right above the skids. It is plain that appellee intended to testify that they did oil and grease

the skids and the "plate" which reaches up inside of the basement to the lower part of the opening, but he asserted positively that he never saw any oil or grease on the apron or plate where he stepped. And counsel for appellee only contend that there must have been some oil or grease negligently placed or permitted to accumulate upon the iron plate or appellee could not have found "a little grease on the bottom of my shoe," the only evidence of which was the voluntary statement of appellee, which should have been stricken out. Appellee is not corroborated in any of his testimony as to the injury.

Appellee, after the injury, went up the stairway and out through the door or opening and over the plate and saw no oil or grease on the plate. The superintendent of the basement was in the cellar at the time of the accident and he saw appellee fall and sent for Mr. Secord, the general manager of appellant, and both talked with appellee. He stated to them that "he had fallen from the chute;" that he didn't know how it happened unless there was a little piece of paper on the chute. He said, "that is the only way that I know that it could have happened." Beroyer and Secord also testified that no oil or grease was ever put on the iron apron (or plate); that oil was put on the lower skids to aid the boxes and packages in sliding or moving. Beroyer testified there was no oil or grease on the plate or apron on the day in question. Appellee testified he did not see any oil or grease on the plate on the day he was injured. Appellee's business was to take all kindling, boxes and refuse from appellant's basement. He was also employed to haul slops from the Peoples Restaurant in the same alley. It may be appellee did find a bit of grease on the bottom of his shoe, having come from the Peoples Restaurant, and which he overlooked in talking with Secord and Beroyer; but if he saw no grease or oil on the steel plate at the time he stepped on it and later stated to the

two witnesses that he thought he slipped by stepping on a piece of paper, which statements appellee did not deny, this record is barren of any issue of fact upon which it should have been submitted to a jury.

Appellee, by his declaration and by the proofs, was an independent contractor, and appellant is not liable to appellee for the injury unless it is shown by the evidence that appellant negligently and carelessly caused or permitted oil or grease to be placed upon the iron apron or plate where appellee was required to step or walk without the knowledge of appellee, and that appellee, using due care and caution for his own safety, was injured by reason of such negligence and carelessness. Even if it is admitted in evidence that at some time appellee found a small bit of grease upon his shoe, there is no proof offered tending to show that the grease came from the steel plate or that appellant was guilty of any negligence. Under the proofs, it is just as reasonable to believe that the grease came from the "slops" or from the skids in the basement beside which appellee fell.

At the close of plaintiff's case and at the close of all the evidence, appellant submitted motions with instructions, asking the court to instruct the jury to find appellant not guilty. These motions should have been granted, as there is no testimony in this record tending to show that appellant was negligent as charged in the declaration.

For the reasons stated, the judgment of the circuit court of McLean county is reversed, with a finding of fact.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment.

The evidence does not show that the appellant was guilty of negligence; nor that the appellee has a cause of action against appellant.